### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY BARNES NUTTER, as an individual, and L.H.B., a minor child, by and through her mother and next friend, LINDA BILBY,<br><br>    Plaintiffs,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 1 OF DELAWARE COUNTY, OKLAHOMA, a/k/a Jay Public Schools, MIKE SIEFRIED, DOUG SPILLMAN, GARY BREWSTER, CLARK RITCHIE and WILL STROUD,<br><br>    Defendants. | Case No. 06-CV-247-GKF-SAJ |

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment of defendant Will Stroud ("Stroud") [Docket No. 69].

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the non-movant must set forth specific facts "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Id.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Stroud argues that (1) the statute of limitations has expired on the tort of outrage claim by plaintiff Kelly Barnes Nutter ("Nutter"); (2) there are no claims of misconduct Nutter can make against Stroud after May 5, 2004, because Stroud did not drive Bus Route 6 after May 5, 2004 of Nutter's senior year in high school; and (3) plaintiff L.H.B.'s tort of outrage claim does not rise to the level of conduct required to prove the tort of outrage.

With respect to the limitations issue, Nutter contends that the two-year limitations period should be "equitably tolled until [Nutter's] graduation from high school and release from Stroud's authority and control." Generally, equitable tolling requires extraordinary circumstances preventing a plaintiff from asserting his or her rights. *See, e.g., Fleck v. State ex re. Oklahoma Department of Corrections*, 1994 OK CIV APP 130, ¶ 14, 888 P.2d 532, 535 (released for publication by Order of the Oklahoma Supreme Court); *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)(noting that Oklahoma permits the tolling of a statute of limitations in certain circumstances).

It does not appear that the court must address the issue of equitable tolling at this juncture. Oklahoma statutory law provides that actions "based on intentional conduct brought by any person for recovery of damages for injury suffered as a result of childhood sexual abuse incidents" are tolled until the child reaches the age of eighteen (18) years *or until five (5) years after the perpetrator is released from the custody of a correctional facility*, whichever is later." 12 O.S. § 95 (6). "'Sexual abuse' includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law, by a person responsible for the child's health, safety or welfare." 10 O.S. § 7102 (B)(6). The current statutory provision became effective May 10, 2005 – after the incidents upon which Nutter's claim is based, but before this action was filed. The parties have not briefed the issues, if any, that might arise as to the application of the statute to this case,

2

but it is enough at this juncture to support denial of Stroud's motion for summary judgment on limitations grounds.    Upon review of the briefs and evidentiary materials submitted by the parties, the court concludes that issues of material fact preclude summary adjudication with respect to Stroud's argument that L.H.B.'s claim does not rise to the level of conduct required to prove the tort of outrage.  Such issues include, but are not necessarily limited to: whether a reasonable jury would find that a bus driver's conduct, in pulling a nine-year-old girl's sweat pants down on a school bus, was "beyond all possible bounds of decency," "utterly intolerable in a civilized community," and such that an average member of the community would be lead to exclaim, "Outrageous!"; and whether L.H.B. suffered severe emotional distress as a result of Stroud's conduct.

WHEREFORE, the Motion for Summary Judgment of defendant Will Stroud ("Stroud") [Docket No. 69] is denied.

IT IS SO ORDERED this 24th day of May 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma