## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY BARNES NUTTER, as an individual, and L.H.B., a minor child, by and through her mother and next friend, LINDA BILBY,<br><br>      Plaintiffs,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 1 OF DELAWARE COUNTY, OKLAHOMA, a/k/a Jay Public Schools, MIKE SIEFRIED, DOUG SPILLMAN, GARY BREWSTER, CLARK RITCHIE and WILL STROUD,<br><br>      Defendants. | Case No. 06-CV-247-GKF-SAJ |

## OPINION AND ORDER

Before the court is the Motion for Summary Judgment of defendant Independent School District No. 1 of Delaware County, Oklahoma ("School District") [Docket No. 71].

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, a court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Insurance Company of America*, 50 F.3d 793, 796 (10th Cir. 1995). The movant for summary judgment must meet the initial burden of showing the absence of a genuine issue of material fact, then the non-movant must set forth specific facts "showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Id.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The School District argues that (1) the claim of plaintiff Kelly Barnes Nutter ("Nutter") is barred by the statute of limitations; and (2) it is entitled to judgment as a matter of law on the plaintiffs' Title IX claim.

There is no applicable federal statute of limitations for actions brought pursuant to Title IX, but federal courts routinely borrow the statute of limitations applicable to personal injury actions for Title IX claims. This court concludes that the two-year statute of limitations set forth in 12 O.S. § 95(3) for "an action for injury to the rights of another, not arising on contract" applies to plaintiffs' claim under Title IX. *See Nunley v. Pioneer Pleasant Vale School District #56*, 190 F. Supp. 2d 1263 (W.D. Okla. 2002).

School District is incorrect as a matter of law in its suggestion that 12 O.S. § 96 operates to shorten Nutter's limitations period for claims that accrued within the year before she reached age 18 to one (1) year after she reached the age of majority. Oklahoma law is clear that, if a minor's disability to bring suit is removed relatively soon after the cause of action arises, such that the normal statute of limitation would provide a longer period of time within which to bring the action, Section 96 does not suspend the statute. The intent of the Oklahoma legislature in enacting Section 96 was "to extend the amount of time in which a plaintiff may bring a cause of action." *Freeman v. Alex Brown & Sons, Inc.*, 73 F.3d 279, 282, n. 3 (10th Cir. 1996), quoting *Hamilton By and Through Hamilton v. Vaden*, 1986 OK 36, 721 P.2d 412, 418. Section 96 does not operate to shorten the applicable two year limitations period for claims accruing within a year before an Oklahoman's 18th birthday.

Nutter filed this action on May 5, 2006. Her 18th birthday fell over two years prior to that

date.[1]  Despite the lapse of over two years, Nutter argues that her claim did not accrue "until Stroud's arrest in June, 2004, or even as late as Stroud's termination hearing in November, 2004, that Kelly became aware of the *School District's* defalcations and their relationship to her own injuries." [Document 83, p. 13].  However, "a plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations . . . Rather, we focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm. . . . In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).  Taken to its logical end, plaintiff's argument would require the courts "to craft a rule delaying accrual of a cause of action until a plaintiff has detailed knowledge of the level of culpability of each of the actors involved.  This we cannot do."  *Id.*  In this case, Nutter knew of facts by the time she reached the age of majority that would put a reasonable person on notice that wrongful conduct caused the harm.  The court holds, therefore, that School District is entitled to summary judgment on the issue of whether Nutter's claim is barred by the statute of limitations.

Upon review of the briefs and evidentiary materials submitted by the parties, this court concludes that issues of material fact preclude summary adjudication with respect to School District's argument that it is entitled to judgment as a matter of law on plaintiff L.H.B.'s Title IX claim.[2]  Such issues include, but are not necessarily limited to: whether School District had actual

---

[1] Under this Court's Local Civil Rule 5.3(a)(3), an individual's actual date of birth is considered a personal data identifier and may not be included in a public filing.  The School District included Nutter's date of birth in sealed Document No. 74.

[2] School District moved for summary judgment on this proposition as to both plaintiffs.  In light of the court's ruling on the first proposition, the court need only address the second proposition as applied to L.H.B.'s Title IX claim.

knowledge of a substantial risk of sexual abuse/misconduct by Stroud with respect to minor female students, and whether School District's response to that knowledge amounted to deliberate indifference.

WHEREFORE, the Motion for Summary Judgment of defendant Independent School District No. 1 of Delaware County, Oklahoma [Docket No. 71] is granted in part and denied in part.

IT IS SO ORDERED this 30th day of May, 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma